CIVIL CITATION - CITCVWD

## THE STATE OF TEXAS

To:  Brian Marquis Morgan
     941 NW Highway 550 Hwy
     Brookhaven, Mississippi 39149

Defendant, **NOTICE:**

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A. M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Said **ANSWER** may be filed at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave. Ste. 106, Orange, TX 77630

In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Said   **PLAINTIFF'S ORIGINAL PETITION**

was filed and docketed in the Honorable 128th District Court of Orange County, Texas at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave, Ste. 106 Orange, Texas on 17th day of July, 2023 in the following styled and numbered cause:

**Cause No: 230199-C**

**Kendell Gordon Vs Brian Marquis Morgan Et Al**

The name and address of the attorney for plaintiff otherwise the address of Plaintiff is:

**Jeff B. Badders**
**1208 West Gray Street**
**Houston, TX 77019**

**ISSUED AND GIVEN** under my hand and seal of said Court at Orange, Texas, this July 17, 2023.



ANNE REED, District Clerk
Orange County, Texas

*Anne Reed*

## RETURN

Came to hand on the ____ day of _____, 20___, at _____ o'clock ____, M and executed in _____ County, Texas, at _____ o'clock ____.M on the _____ day of _____, 20___, by delivering, in accordance with the requirements of law, to the within named _____ In person, a true copy of this citation together with the accompanying copy of the petition, having first endorsed thereon the date of delivery.

And not executed as to the defendant _____
the diligence used to execute being _____
the cause of failure to execute is _____
the defendant may be found _____

TOTAL FEES: _____       BY: _____

FILED: 7/17/2023 1:44 PM
Anne Reed, District Clerk
Orange County, Texas
Envelope No. 77585328
Reviewed By: Sylvia Dersch

CAUSE NO. 230199-C

| | | |
|---|---|---|
| KENDELL GORDON | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | 128th   OF |
| | § | |
| BRIAN MARQUIS MORGAN | § | |
| AND Z-WIL TRUCKING INC. | § | |
| *Defendants.* | § | ORANGE COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Kendell Gordon, complaining of Defendants, Brian Marquis Morgan and Z-WIL Trucking Inc., and for cause of action would show the Court the following:

### I.
### DISCOVERY CONTROL PLAN

Discovery in this case is intended to be conducted under Level III of Rule 190.4 of the Texas Rules of Civil Procedure.

### II.
### RESIDENCE OF PARTIES

Plaintiff, Kendell Gordon is a resident of Tomball, Harris County, Texas. The last three digits of his Texas Driver's License are: 655. The last three digits of his Social Security Number are: 543.

Defendant, Brian Marquis Morgan, is a resident of Lincoln County, Mississippi and can be served with citation at his residence at 941 NW Highway 550 HWY, Brookhaven, Mississippi 39149, or wherever he may be found.

Defendant, Z-WIL Trucking Inc., is a Mississippi Corporation conducting business in Texas and can be served with citation by serving its registered agent for service, Loretta Williams, 941 Hwy 550 NW, Brookhaven, Mississippi 39601, or wherever they may be found.

## III.
## JURISDICTION AND VENUE

This Court has jurisdiction of this cause because the Plaintiff's damages are within the jurisdictional limits of this Court.

Defendants had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendants. Plaintiff would further show that this cause of action against Defendant arose from its continuous and systematic contacts with the State of Texas.

Venue is proper in Orange County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1) in that all or a substantial part of the events or omissions giving rise to the claim occurred in Orange County, Texas.

## IV.
## REQUEST PURSUANT TO RULE 28 AND MISNOMER

To the extent that any Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against that Defendant pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands that upon answer to this suit, each Defendant answer in its correct legal and assumed name.

Plaintiff expressly and specifically invokes his right under Rules 28 and 71 of the Texas Rules of Civil Procedure to have the true name of Defendants substituted at a later time upon motion of any party or the Court.

## V.
## FACTUAL ALLEGATIONS

On or about October 17, 2022 in Orange County, Plaintiff, Kendell Gordon, was a passenger in a 2018 Silver Chevrolet Impala traveling westbound on I-10 in the inside lane, when suddenly and without warning, Defendant, Brian Marquis Morgan, in a 2018 Blue Peterbilt 520 Truck owned by Defendant, Z-WIL Trucking Inc., while in the course and scope of his employment with Z-WIL Trucking Inc., was traveling westbound on I-10 in the outside lane when he swerved into the inside lane and struck the right side of Plaintiff's vehicle which caused Plaintiff to travel against the concrete wall. As a result of this collision, Plaintiff suffered incapacitating and debilitating injuries including but not limited to his head, neck, shoulders, and back.

## VI.
## CAUSES OF ACTION

At the time and on the occasion described above, Defendants, Brian Marquis Morgan and Z-WIL Trucking Inc., were guilty of the following acts of negligence:

1. Failure to properly apply brakes in order to avoid the collision;

2. Failure to keep a proper lookout;

3. Failure to safely and reasonably control own vehicle;

4. Failure to Drive in a Single Lane of Traffic - Transportation Code Section 545.060 (a) states:

    "An operator on a roadway divided into two or more clearly marked lanes for traffic: (1) shall drive as nearly as practical entirely within a single lane; and (2) may not move from the lane unless that movement can be made safely".

5. Driving in a reckless manner - Transportation Code Section 545.401(a) states:

    "a person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property."

6. Failure to maintain knowledge and understanding of state and federal motor carrier safety regulations pertaining to procedures for safe vehicle operations in violation of 49 C.F.R. § 383.111;

7. Failure to remain attentive to the road and conditions because awareness was redirected to talking on cell phone, texting, or emailing, taking selfies, updating and/or checking social media and vaping and/or smoking while driving.

Each of the above-described acts of negligence was a proximate cause of the occurrence in question and resulting injuries and damages to the Plaintiff.

## VII.
## NEGLIGENT ENTRUSTMENT

At the time and on the occasion above-described, Defendant, Z-WIL Trucking Inc., was independently guilty of the following acts of negligence:

Defendant, Z-WIL Trucking Inc., owed a duty to the public at large, and to Plaintiff specifically, upon entrusting one of the company's vehicles to be driven by Defendant, Brian Marquis Morgan, to not allow an incompetent or reckless driver operate said vehicle. Defendant, Z-WIL Trucking Inc., knew, or in the exercise of reasonable care, should have known, that their driver, Brian Marquis Morgan, was an incompetent and/or reckless driver. As shown above, Brian Marquis Morgan, was negligent in the operation of the vehicle owned and/or operated by Z-WIL Trucking Inc., and its negligence in entrusting the vehicle to Brian Marquis Morgan was the proximate cause of the accident because Z-WIL Trucking Inc. could have reasonably anticipated that an injury would result as a natural and probable consequence of the entrustment.

## VIII.
## NEGLIGENT HIRING, SUPERVISING, TRAINING & RETENTION

Defendant, Z-WIL Trucking Inc., owed a duty to exercise reasonable care to the public at large, and to Plaintiff specifically, when hiring Brian Marquis Morgan to make sure that he was competent and fit employee to drive a vehicle owned and/or operated by Z-WIL Trucking Inc. Furthermore, Z-WIL Trucking Inc. owed a duty of ordinary care to the public at large, and to Plaintiff specifically, to adequately supervise and train Brian Marquis Morgan and a duty to exercise ordinary care in retaining him, which includes the duty to remain knowledgeable about his competence or fitness.

Z-WIL Trucking Inc. breached its duty by failing to use ordinary care in hiring, supervising, training, and retaining Brian Marquis Morgan. Such breaches include, but are not limited to, failure to maintain reasonable or reliable practices, policies, or procedures to ascertain whether Brian Marquis Morgan was fit and competent to operate a commercial motor vehicle in violation of Section 391.25 of the Federal Motor Carrier Safety Regulations (Annual inquiry and review of driving record).

Z-WIL Trucking Inc.'s breach proximately caused the Plaintiff's injuries.

## IX.
## NEGLIGENCE PER SE

The actions and conduct of Defendants, set out in paragraph VI, are in violation of the traffic laws contained in Chapter 545 of the Transportation Code of the State of Texas, which constitutes negligence per se, for which the Plaintiff intends to rely on at the trial, as said negligence per se is a proximate cause of the occurrence in question and resulting damages and injuries to the Plaintiff.

## X.
## GROSS NEGLIGENCE

The wrong done by Defendants and/or their agents, servants, and officers was aggravated by the kind of conduct for which the law allows imposition of exemplary damages, in the Defendants' conduct, when viewed objectively from Defendants' standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

## XI.
## DAMAGES

As a result of the above-described negligence and negligence per se, the Plaintiff has been injured in the following respects:

1. Past physical pain, suffering, and mental anguish;

2. Physical pain, suffering, and mental anguish that the Plaintiff will, in all reasonable medical probability, suffer in the future;

3. Hospital, medical, doctor, ambulance and pharmaceutical bills incurred in the past;

4. Hospital, doctor, medical, and pharmaceutical bills which the Plaintiff will, in all reasonable medical probability, incur in the future;

5. Physical impairment to the person of the Plaintiff that has been incurred in the past;

6. Physical impairment to the person of the Plaintiff which, in all reasonable medical probability, will suffer in the future;

7. Loss of earnings in the past;

8. Loss of earning capacity in the future;

## XII.
## DOCTRINE OF RESPONDEAT SUPERIOR

At the time of the collision in question Defendant, Brian Marquis Morgan, an agent, servant, and employee of Z-WIL Trucking Inc., was in the course and scope of his employment at the time he collided into Plaintiff on the date in question. Specifically, Plaintiff will show that Defendant, Z-WIL Trucking Inc., had the right to control all the activities of Defendant, Brian Marquis Morgan, at all times material hereto and that these activities included driving the vehicle involved in the collision in question. Accordingly, Defendant, Brian Marquis Morgan, was in the course and scope of his employment with Defendant, Z-WIL Trucking Inc., at the time of the collision in question, and therefore, Defendant, Z-WIL Trucking Inc., is responsible for all of Plaintiff's damages under the doctrine of respondeat superior.

## XIII.
## INTEREST

Plaintiff hereby seeks all Pre-Judgment and Post-Judgment Interest in the maximum amounts as allowed by law on each separate and individual element of damage.

## XIV.
## PLAINTIFF'S LIFE EXPECTANCY

According to the United States Life Tables, 2013 National Vital Statistics Reports; Vol. 66, No. 3 Plaintiff has a life expectancy of 77.5 years and Plaintiff intends to use a certified copy of the United States Life Tables, 2013 National Vital Statistics Reports; Vol. 66 No. 3, and offer same into evidence at the time of trial.

## XV.
## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

## XVI.
## TRCP RULE 193.7 NOTICE

Pursuant to Texas Rules of Civil Procedure Rule 193.7, Plaintiff intends to use all documents produced by the Defendant as authenticated documents.

## XVII.
## REQUEST FOR DISCLOSURE AND PRESERVATION

Under TEXAS RULES OF CIVIL PROCEDURE 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

The Defendant is hereby given notice that any document, other material, or item, including electronically stored information, that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Kendell Gordon, respectfully prays that upon final hearing he have judgment against Defendants, Brian Marquis Morgan and Z-WIL Trucking Inc., jointly and severally, for the injuries and damages sustained by Plaintiff exceeding One Million and No/100 dollars $1,000,000.00; for pre-judgment interest; for all costs of suit, and for such other and further relief, general and special, legal and equitable, to which he may be entitled to receive.

Respectfully submitted,

BADDERS LAW FIRM, PC

*/s/ Jeff B. Badders*
JEFF B. BADDERS
State Bar No. 01496850
Badders@Badderslaw.com
Mari E. Badders
State Bar No. 24100030
mariko.badders@badderslaw.com
1208 West Gray Street
Houston, Texas 77019
(346) 415-6400 Phone
(346) 415-6401 Fax

Attorneys for Plaintiff –
Kendell Gordon

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jeffrey Badders
Bar No. 1496850
badders@badderslaw.com
Envelope ID: 77585328
Filing Code Description: Petition
Filing Description: Gordon, Kendell - POP
Status as of 7/17/2023 2:19 PM CST

Associated Case Party: Kendell Gordon

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| JoAnn Valdez | | JoAnn@BaddersLaw.com | 7/17/2023 1:44:03 PM | SENT |
| Mariko Badders | | mariko.badders@badderslaw.com | 7/17/2023 1:44:03 PM | SENT |
| Jeff Badders | | badders@badderslaw.com | 7/17/2023 1:44:03 PM | SENT |
| Intern Badders | | intern@badderslaw.com | 7/17/2023 1:44:03 PM | SENT |
| Marlana Armendariz | | marlana@badderslaw.com | 7/17/2023 1:44:03 PM | SENT |