IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KENDELL GORDON | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO: 1:23-CV-00454 |
| | § | |
| BRIAN MARQUIS MORGAN, | § | |
| Z-WIL TRUCKING INC., AND | § | |
| RAYBORN TRUCKING, LLC | § | |
| *Defendants*. | § | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Kendell Gordon, complaining of Defendants, BRIAN MARQUIS MORGAN, Z-WIL TRUCKING INC., and RAYBORN TRUCKING, LLC and for cause of action would show the Court the following:

## I.
## PARTIES JURISDICTION AND VENUE

1. Plaintiff, Kendell Gordon is a resident of Tomball, Harris County, Texas.

2. Defendant, Brian Marquis Morgan, is a resident of Lincoln County, Mississippi and has answered before the Court.

3. Defendant, Z-WIL Trucking Inc., is a Mississippi Corporation conducting business in Texas and has answered before the Court.

4. Defendant, Rayborn Trucking, LLC is a Mississippi Corporation conducting business in Texas and has answered before the Court.

## II.
## JURISDICTION AND VENUE

5. Venue is proper in this Court and has jurisdiction over this matter pursuant to 28 U.S.C §1332(a)(1) because of the following:

   a) Plaintiff is a resident of the State of Texas:

   b) Defendant, Brian Marquis Morgan, is a resident of Lincoln County, Mississippi.

   c) Defendant, Z-WIL Trucking Inc., is a Mississippi Corporation qualified to do business in Texas with its registered agent in Mississippi being Loretta Williams, 941 Hwy 550 NW, Brookhaven, Mississippi 39601.

   d) Defendant, Rayborn Trucking, LLC is a Mississippi Corporation qualified to do business in Texas with its registered agent in Mississippi being Kelvin Rayborn, 23 Rayborn Road, Jayess, Mississippi 39641.

   e) The amount in controversy exceeds $75,000.00.

   f) The incident made the basis of this suit occurred in the Eastern District of Texas;

   g) At all times material to this incident, Defendants were and continue to conduct business in the Eastern District of Texas, including the Sherman Division.

## III.
## FACTUAL ALLEGATIONS

6. On or about October 17, 2022 in Orange County, Plaintiff, Kendell Gordon, was a passenger in a 2018 Silver Chevrolet Impala traveling westbound on I-10 in the inside lane, when suddenly and without warning, Defendant, Brian Marquis Morgan, in a 2018 Peterbilt 520 Tractor with trailer owned by Defendant, Z-WIL Trucking Inc., Defendant, Brian Marquis Morgan was in the course and scope of his employment with Rayborn

Trucking, LLC., when he was traveling westbound on I-10 in the outside lane when he swerved into the inside lane and struck the right side of Plaintiff's vehicle which caused Plaintiff to travel against the concrete wall. As a result of this collision, Plaintiff suffered incapacitating and debilitating injuries including but not limited to his head, neck, shoulders, and back.

## IV.
## CAUSES OF ACTION

7. At the time and on the occasion described above, Defendants, Brian Marquis Morgan, Z-WIL Trucking Inc. and Rayborn Trucking, LLC, were guilty of the following acts of negligence:

   a) Failure to properly apply brakes in order to avoid the collision;

   b) Failure to keep a proper lookout;

   c) Failure to safely and reasonably control own vehicle;

   d) Failure to Drive in a Single Lane of Traffic - <u>Transportation Code Section 545.060 (a)</u> states: (a) "An operator on a roadway divided into two or more clearly marked lanes for traffic: (1) shall drive as nearly as practical entirely within a single lane; and (2) may not move from the lane unless that movement can be made safely".

   e) Driving in a reckless manner - <u>Transportation Code Section 545.401(a)</u> states: (a) "a person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property."

8. Failure to maintain knowledge and understanding of state and federal motor carrier safety regulations pertaining to procedures for safe vehicle operations in violation of 49 C.F.R. § 383.111;

9. Failure to remain attentive to the road and conditions because awareness was redirected to talking on cell phone, texting, or emailing, taking selfies, updating and/or checking social media and vaping and/or smoking while driving.

Each of the above-described acts of negligence was a proximate cause of the occurrence in question and resulting injuries and damages to the Plaintiff.

## VI.
## NEGLIGENT ENTRUSTMENT

10. At the time and on the occasion above-described, Defendants, Z-WIL Trucking Inc. and Rayborn Trucking, LLC, were independently guilty of the following acts of negligence:

11. Defendants, Z-WIL Trucking Inc. and Rayborn Trucking, LLC, owed a duty to the public at large, and to Plaintiff specifically, upon entrusting one of the company's vehicles to be driven by Defendant, Brian Marquis Morgan, to not allow an incompetent or reckless driver operate said vehicle. Defendants, Z-WIL Trucking Inc. and Rayborn Trucking, LLC, knew, or in the exercise of reasonable care, should have known, that their driver, Brian Marquis Morgan, was an incompetent and/or reckless driver. As shown above, Brian Marquis Morgan, was negligent in the operation of the vehicle owned and/or operated by Z-WIL Trucking Inc. and Rayborn Trucking, LLC, and its negligence in entrusting the vehicle to Brian Marquis Morgan was the proximate cause of the accident because Z-WIL Trucking Inc. and Rayborn Trucking, LLC could have reasonably anticipated that an injury would result as a natural and probable consequence of the entrustment.

## VII.
## NEGLIGENT HIRING, SUPERVISING, TRAINING & RETENTION

12. Defendants, Z-WIL Trucking Inc. and Rayborn Trucking, LLC, owed a duty to exercise reasonable care to the public at large, and to Plaintiff specifically, when hiring Brian Marquis Morgan to make sure that he was competent and fit employee to drive a vehicle owned and/or operated by Z-WIL Trucking Inc. and Rayborn Trucking, LLC. Furthermore,

Z-WIL Trucking Inc. and Rayborn Trucking, LLC owed a duty of ordinary care to the public at large, and to Plaintiff specifically, to adequately supervise and train Brian Marquis Morgan and a duty to exercise ordinary care in retaining him, which includes the duty to remain knowledgeable about his competence or fitness.

13. Z-WIL Trucking Inc. and Rayborn Trucking, LLC breached their duty by failing to use ordinary care in hiring, supervising, training, and retaining Brian Marquis Morgan. Such breaches include, but are not limited to, failure to maintain reasonable or reliable practices, policies, or procedures to ascertain whether Brian Marquis Morgan was fit and competent to operate a commercial motor vehicle in violation of Section 391.25 of the Federal Motor Carrier Safety Regulations (Annual inquiry and review of driving record).

14. Z-WIL Trucking Inc. and Rayborn Trucking, LLC's breach proximately caused the Plaintiff's injuries.

## VIII.
## NEGLIGENCE PER SE

15. The actions and conduct of Defendants, set out in paragraph IV, are in violation of the traffic laws contained in Chapter 545 of the Transportation Code of the State of Texas, which constitutes negligence per se, for which the Plaintiff intends to rely on at the trial, as said negligence per se is a proximate cause of the occurrence in question and resulting damages and injuries to the Plaintiff.

## IX.
## GROSS NEGLIGENCE

16. The wrong done by Defendants and/or their agents, servants, and officers was aggravated by the kind of conduct for which the law allows imposition of exemplary damages, in the

Defendants' conduct, when viewed objectively from Defendants' standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

## X.
## DAMAGES

17. As a result of the above-described negligence and negligence per se, the Plaintiff has been injured in the following respects:

    a) Past physical pain, suffering, and mental anguish;

    b) Physical pain, suffering, and mental anguish that the Plaintiff will, in all reasonable medical probability, suffer in the future;

    c) Hospital, medical, doctor, ambulance and pharmaceutical bills incurred in the past;

    d) Hospital, doctor, medical, and pharmaceutical bills which the Plaintiff will, in all reasonable medical probability, incur in the future;

    e) Physical impairment to the person of the Plaintiff that has been incurred in the past;

    f) Physical impairment to the person of the Plaintiff which, in all reasonable medical probability, will suffer in the future;

    g) Loss of earnings in the past;

    h) Loss of earning capacity in the future;

## XI.
## DOCTRINE OF RESPONDEAT SUPERIOR

18. At the time of the collision in question Defendant, Brian Marquis Morgan, an agent, servant, and employee of Z-WIL Trucking Inc. and Rayborn Trucking, LLC, was in the

course and scope of his employment at the time he collided into Plaintiff on the date in question. Specifically, Plaintiff will show that Defendants, Z-WIL Trucking Inc. and Rayborn Trucking, LLC, had the right to control all the activities of Defendant, Brian Marquis Morgan, at all times material hereto and that these activities included driving the vehicle involved in the collision in question. Accordingly, Defendant, Brian Marquis Morgan, was in the course and scope of his employment with Defendants, Z-WIL Trucking Inc. and Rayborn Trucking, LLC, at the time of the collision in question, and therefore, Defendants, Z-WIL Trucking Inc. and Rayborn Trucking, LLC, is responsible for all of Plaintiff's damages under the doctrine of respondeat superior.

## XII.
## INTEREST

Plaintiff hereby seeks all Pre-Judgment and Post-Judgment Interest in the maximum amounts as allowed by law on each separate and individual element of damage.

## XIII.
## PLAINTIFF'S LIFE EXPECTANCY

According to the United States Life Tables, 2013 National Vital Statistics Reports; Vol. 66, No. 3 Plaintiff has a life expectancy of 77.5 years and Plaintiff intends to use a certified copy of the United States Life Tables, 2013 National Vital Statistics Reports; Vol. 66 No. 3, and offer same into evidence at the time of trial.

## XIV.
## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Kendell Gordon, respectfully prays that upon final hearing he have judgment against Defendants, Brian Marquis Morgan, Z-WIL Trucking Inc. and Rayborn Trucking, LLC, jointly and severally, for the injuries and damages sustained by Plaintiff exceeding One Million and No/100 dollars $1,000,000.00; for pre-judgment interest; for all costs of suit, and for such other and further relief, general and special, legal and equitable, to which he may be entitled to receive.

Respectfully submitted,

BADDERS LAW FIRM, PC

*/s/ Jeff B. Badders*
JEFF B. BADDERS
State Bar No. 01496850
Badders@Badderslaw.com
Mari E. Badders
State Bar No. 24100030
mariko.badders@badderslaw.com
1208 West Gray Street
Houston, Texas 77019
(346) 415-6400 Phone
(346) 415-6401 Fax

Attorneys for Plaintiff –
Kendell Gordon